IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRUCE ANTHONY MYERS,<br><br>Defendant. | Case No. CR11-0105<br><br>ORDER FOR PRETRIAL<br>DETENTION |

On the 12th day of July, 2011, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Sean R. Berry. The Defendant appeared personally and was represented by his attorney, Raphael M. Scheetz.

## I. RELEVANT FACTS AND PROCEEDINGS

On June 21, 2011, Defendant Bruce Anthony Myers was charged by Indictment (docket number 2) with failing to register as a sex offender. At the arraignment on July 7, 2011, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on September 6, 2011. The Government requested Defendant be detained pending trial. A detention hearing was scheduled on July 12, 2011.

In 2005, Defendant communicated with a 15-year-old girl from Iowa, via the internet. At some point, Defendant traveled from Kentucky to Iowa, picked up the girl, transported her to Kentucky, and engaged in oral, anal, and vaginal sexual intercourse with her. On July 13, 2005, Defendant was charged and later convicted of transportation of a minor with intent to engage in criminal sexual activity in the Northern District of Iowa. On May 9, 2006, Defendant was sentenced to 82 months in prison. As a consequence of this conviction, Defendant is required to register as a sex offender.

On April 27, 2011, Defendant was released from prison, and a 15-year-term of supervised release commenced. Defendant was given a bus ticket to Cedar Rapids, Iowa,

1

and was instructed to report to the Gerald Hinzman Center ("Hinzman Center"), a residential facility in Cedar Rapids. Defendant failed to report to the Hinzman Center and, instead, rented a room at a Cedar Rapids hotel. In mid-May, Defendant checked out of the hotel and moved into the residence of two men who live in Cedar Rapids.

On April 29, 2011, an arrest warrant was issued for Defendant, alleging violations of his supervised release, including failure to report to the Hinzman Center. Defendant was arrested on May 17, 2011. On May 25, 2011, Defendant was found in violation of the terms of his supervised release. He was placed in jail, not to exceed 60 days, until bed space became available at the Hinzman Center. While Defendant remained in jail, the instant charge of failure to register as a sex offender was filed on June 21, 2011.

According to the pretrial services report, Defendant is 43 years old. Except for his incarceration, Defendant has lived his entire life in Kentucky. He is currently single, but has been married twice in the past. He has twin sons from his first marriage, and two daughters from his second marriage. He has been unemployed since August 2004.

Defendant is in good physical health. However, Defendant has a significant mental health history. When he was 20 years old, Defendant tried to kill himself with a pistol. He had mental health counseling off-and-on until he was 27 years old. According to Defendant, he was diagnosed with bipolar disorder, depression, and anxiety. He was treated with medication, but stopped taking the medication in 1997 because he could not afford it. In April 2005, while being held as federal detainee, Defendant attempted suicide by cutting his wrists. In July, he was diagnosed with major depressive disorder and psychotic disorder. In August, he was diagnosed with anti-social personality disorder. In September, he was placed on suicide watch for suicidal ideation and auditory hallucinations.

Prior to his recent federal incarceration, Defendant's criminal history was comparatively limited. In May 1994, at age 26, Defendant was charged and later convicted of public intoxication. In May 1997, Defendant was charged and later convicted of flagrant non-support. In December 1997, Defendant was charged with assault in the 4th

degree, and later convicted of disorderly conduct.[1]  In January 1999, while on probation for the disorderly conduct charge, Defendant was charged and later convicted of theft of services under $300.[2]

In June 2000, Defendant was charged and later convicted of cultivation of marijuana.[3]  He was sentenced to 12 months in jail with 10 months suspended, and given 2 years probation.  As noted above, on July 13, 2005, Defendant was charged and later convicted of transportation of a minor with intent to engage in criminal sexual activity.  He was sentenced to 82 months in federal prison, and given a 15-year-term of supervised release.  The instant charge stems from Defendant's failure to register as a sex offender after being released from prison.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142.  In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).  The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk

---

[1] In that charge, it was alleged that Defendant dragged his girlfriend into the kitchen by her hair and pushed her head into a wall.  Defendant's girlfriend attempted to call 911, but Defendant pulled the phone from the wall.

[2] The pretrial services report also refers to Defendant's bizarre behavior in January 2000, as described in his earlier presentence investigation report.  Among other things, Defendant's sons allegedly told their mother that Defendant made them watch him defecate and then smell and touch his feces.  No charges were filed, however, upon Defendant's promise to attend parenting classes.

[3] According to the pretrial services report, 28 marijuana plants were found during the execution of a search warrant at Defendant's residence.

factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or

alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with failing to register as a sex offender. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(E). The Court also finds Defendant is a serious risk of flight, thereby authorizing detention pursuant to § 3142(f)(2)(A).

Regarding the second step, the weight of the evidence against Defendant is strong. It is undisputed that Defendant is required to register as a sex offender. Defendant was notified of this requirement, but failed to register. As a general proposition, the Court finds that a convicted sex offender's failure to register as a sex offender constitutes a danger to the community. Here, the Court is particularly concerned with Defendant's actions immediately following his release from federal prison. As conditions of his supervised release, Defendant was ordered to report to a residential facility in Cedar Rapids, and register as a sex offender with the State of Iowa. Defendant ignored these instructions. He did not report to the residential facility or register as a sex offender. Instead of reporting to the residential facility, Defendant checked into a hotel room in Cedar Rapids, and later moved into a residence with two men he met at the hotel. Based on his recent actions of immediately and obviously failing to comply with the conditions of his supervised release, the Court has no confidence that Defendant would comply with any terms or conditions which it may impose for his pretrial release. Furthermore, Defendant has no ties to the community. Therefore, Defendant will be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (July 7, 2011) to the filing of this Ruling (July 12, 2011) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 12th day of July, 2011.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA